UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| HASBRO, INC.,<br>    Plaintiff,<br><br>v.<br><br>LANARD TOYS, INC.,<br>    Defendant. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

The plaintiff, Hasbro, Inc. ("Hasbro"), brings this Complaint alleging patent infringement against the defendant, Lanard Toys, Inc. ("Lanard"), as follows:

## PARTIES

1. Hasbro is a Rhode Island corporation with a place of business at 1443 Shaker Road, East Longmeadow, Massachusetts 01028.

2. Lanard is a Missouri corporation with its principal place of business at 101 South Sterling Terrace, Sugar Creek, Missouri 64054.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 271 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this district pursuant to 38 U.S.C. §§ 1391 and 1400 because Lanard has committed acts of infringement in this district.

5. On information and belief, Lanard transacts and conducts business throughout the United States and has specifically conducted business within this district and is subject to the jurisdiction of this Court.

6. Lanard has committed acts of patent infringement within the district, thereby causing injury and damage to Hasbro, and has established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,471,967

7. Hasbro repeats and re-alleges each and every allegation contained within paragraphs 1 through 6 hereof as though fully set forth herein.

8. On December 5, 1995, United States Patent Number 5,471,967 ("the '967 Patent"), entitled "Disc Discharging Toy," was duly and legally issued to Toybox Corporation.

9. Toybox Corporation is, and at all times has been, the true and record owner of the '967 Patent.

10. Hasbro is the exclusive licensee of the '967 Patent with the right to bring this lawsuit.

11. Lanard has infringed and continues to infringe the '967 Patent in violation of 35 U.S.C. § 271(a). The infringing acts include, but are not limited to, the manufacture, use, sale, importation and offer for sale of the Total XStream Air Ring Accelerator and Total XStream Air Fire Shot products.

12. Lanard has knowingly and willfully infringed the '967 Patent, and has knowingly and willfully aided, abetted, induced and directed its manufacturers, customers and users to infringe upon the '967 Patent in violation of 35 U.S.C. § 271(b) and (c).

13. Lanard's acts of direct and indirect patent infringement are continuing and ongoing.

14. On information and belief, Lanard will not cease committing the wrongful acts alleged in this Complaint without this Court's intervention.

15. Lanard's acts of infringement have caused damage to Hasbro, and Hasbro is entitled to recover from Lanard the damages sustained by Hasbro as a result of Lanard's wrongful acts in an amount subject to proof at trial. Lanard's infringement of Hasbro's rights under the '967 Patent will continue to damage Hasbro's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,611,322

16. Hasbro repeats and re-alleges each and every allegation contained within paragraphs 1 through 15 hereof as though fully set forth herein.

17. On March 18, 1997, United States Patent Number 5,611,322 ("the '322 Patent"), entitled "Disc Discharging Toy," was duly and legally issued to Toybox Corporation.

18. Toybox Corporation is, and at all times has been, the true and record owner of the '322 Patent.

19. Hasbro is the exclusive licensee of the '322 Patent with the right to bring this lawsuit.

20. Lanard has infringed and continues to infringe the '322 Patent in violation of 35 U.S.C. § 271(a). The infringing acts include, but are not limited to, the manufacture, use, sale, importation and offer for sale of the Total XStream Air Ring Accelerator and Total XStream Air Fire Shot products.

21. Lanard has knowingly and willfully infringed the '322 Patent, and has knowingly and willfully aided, abetted, induced and directed its manufacturers, customers and users to infringe upon the '322 Patent in violation of 35 U.S.C. § 271(b) and (c).

22. Lanard's acts of direct and indirect patent infringement are continuing and ongoing.

23. On information and belief, Defendants will not cease committing the wrongful acts alleged in this Complaint without this Court's intervention.

24. Lanard's acts of infringement have caused damage to Hasbro, and Hasbro is entitled to recover from Lanard the damages sustained by Hasbro as a result of Lanard's wrongful acts in an amount subject to proof at trial. Lanard's infringement of Hasbro's rights under the '322 patent will continue to damage Hasbro's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Hasbro prays that this Court enter judgment that:

(a) Lanard Toys, Inc. has directly and/or indirectly infringed the '967 and '322 Patents;

(b) Lanard Toys, Inc.'s direct and/or indirect infringement has been willful;

(c) Lanard Toys, Inc. and its officers, agents, servants, employees, subsidiaries, attorneys, and those acting in concert with it, be permanently enjoined from manufacturing, selling, attempting to sell, purchasing, promoting, storing, shipping, receiving, maintaining in its possession or otherwise exploiting in commerce the accused products or any other products that infringe the '967 and '322 Patents;

(d)     Awards Hasbro its actual and consequential damages in an amount necessary to compensate Hasbro for the damages caused by Lanard's conduct in violation of law and equity, including but not limited to a reasonable royalty and/or lost profits and price erosion;

(e)     Awards Hasbro treble damages pursuant to 35 U.S.C. § 284;

(f)     Declares this case exceptional and awards Hasbro its attorneys' fees in this action pursuant to 35 U.S.C § 285;

(g)     Awards Hasbro prejudgment interest; and

(h)     Awards Hasbro its costs and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Hasbro demands a jury trial on all issues so triable.

Dated:  June 2, 2010

                                      Hasbro, Inc.

                                      By its attorneys

_____/s/\_Josh C. Krumholz_____
Joshua C. Krumholz (BBO #552573)
Peter J. Kirk (BBO #649685)
Elizabeth R. Burkhard (BBO #666968)
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700
joshua.krumholz@hklaw.com
peter.kirk@hklaw.com
elizabeth.burkhard@hklaw.com

# 9389215\_v2