UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| HASBRO, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>LANARD TOYS, INC. and<br>LANARD TOYS LTD.<br><br>                  Defendants. | CIVIL ACTION NO. 3:10-cv-30106-MAP |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") and Defendants Lanard Toys, Inc. and Lanard Toys Ltd. (collectively "Lanard") hereby stipulate to and petition the Court to enter the following Protective Order.  The parties acknowledge that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

## DEFINITIONS

1.  As used herein, "Discovery Material" shall mean all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of

Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party or third party in connection with this Action.

2.      As used herein, "Protected Material" shall mean all Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under the provisions set forth in this Order.

3.      As used herein, "Producing Party" shall mean any party to this Action as well as any third-party who produces Discovery Material, and "Receiving Party" shall refer to any party who receives Discovery Material.

4.      As used herein, a "Qualified Recipient" is any person who meets the applicable qualifications for receipt of Protected Material set forth in paragraphs 14 through 16 of this Protective Order.

## DESIGNATION OF INFORMATION SUBJECT TO THIS ORDER

5.      Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if such party believes in good faith such Discovery Material contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information as defined in this Protective Order.

6.      As used herein, CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Discovery Material refers to information that constitutes or discloses trade secret or confidential information including but not limited to confidential processes, operations, research, technical or developmental information,

production, marketing, sales, shipments or other proprietary data, or other information

not publicly known within the meaning of Fed. R. Civ. P. 26(c)(1)(G), whether embodied

in physical objects, documents, or the factual knowledge of persons, and that has been so

designated by the Producing Party as set forth in this Protective Order.  Information to be

treated under this Protective Order as CONFIDENTIAL or HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY shall include but not be limited to:

    a.  Information set forth in responses to discovery requests made under Fed. R.

       Civ. P. 31, 33, 34, or 36, or in documents produced to the Receiving Party,

       provided that the responses or copies of documents are marked by the

       Producing Party with one of the following legends: "CONFIDENTIAL" or

       "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"

       (or a reasonable approximation thereof).  When feasible, such designation

       should be placed upon each page of any such document or, as appropriate,

       upon each separate piece of any tangible item, or, if direct marking is not

       possible, upon a container or tag affixed to any such item containing

       CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE

       ATTORNEYS' EYES ONLY Discovery Material.  Discovery Material

       may be made available for inspection without designation and designated

       subsequently in accordance with this Paragraph 6(a) at the time of

       production to the Receiving Party.

    b.  Information revealed by inspection of things and premises under Fed. R.

       Civ. P. 34 that, at any time up to fifteen (15) calendar days after the

inspection, the Producing Party specifically identifies in writing to the Receiving Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Discovery Material.  To ensure that the Producing Party has the full fifteen (15) calendar days to make appropriate designation, all information gleaned from inspection of things and premises will be automatically treated as HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY  Discovery Material by a Receiving Party for fifteen (15) calendar days after the day of inspection.  There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material before it is designated as such pursuant to this Order.

c. Information revealed during a deposition upon oral or written examination (including video transcripts) under Fed. R. Civ. P. 30, for thirty (30) calendar days following receipt of the final transcript by counsel for the Producing Party shall be automatically designated as HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY, unless otherwise designated as noted below.  Such HIGHLY CONFIDENTIAL– OUTSIDE ATTORNEYS' EYES ONLY designation will automatically be removed after the thirty (30) calendar days unless, (i) before the thirty (30) calendar day period has expired, the Producing Party notifies the Receiving Party in writing that CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Discovery Material is set forth in

the transcript and specifies in writing the portion(s) of the transcript that disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, or (ii) during the deposition, the Producing Party or any other party designates the transcript or portions thereof to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Discovery Material.  A Party may require the reporter to label the portion of the transcript containing the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and to bind such portion separately from the main transcript.  Alternate means of marking deposition transcripts and deposition exhibits as Protected Material may be used, such as clearly marking the first page of any such item.

d.  Where particular Discovery Material contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information and non-confidential information, only the CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information is subject to the limitations on disclosure set forth in this Protective Order.

7.  Any document or tangible thing containing or including any Protected Material is made subject to this Order by the Producing Party's marking it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (or a reasonable approximation thereof).

8.      For Information maintained in computer readable format or other electronic media such as diskettes, the Party shall designate such Protected Material by submitting with the Discovery Material a written list of such confidential information by file name or other similar identification.

9.      In addition to Protected Material identified in Paragraph 6, any Producing Party may designate as "CONFIDENTIAL" Protected Material that contains business information that would place the Producing Party at a competitive disadvantage if learned by the general public and other competitors who are not Parties in this case.

10.      Protected Material may be designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" if such designation complies with the requirements of Paragraphs 6 and 9 and if it: (a) identifies the Party's suppliers or customers, including contact information, (b) discloses information relating to the Party's costs of acquiring product or profit from the sale of any products, or (c) discloses the pricing offered to customers.  Protected Material that does not meet the requirements to be designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY may only be designated as CONFIDENTIAL to the extent such designation complies with the requirements of Paragraphs 6 and 9.  The foregoing categories are by way of example only and shall not limit the categories of information a party may designate as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the Producing Party in good faith and with reasonable justification that such information is of such a highly

sensitive nature that it might cause the Producing Party significant economic and/or competitive harm if it were to be disclosed to the Receiving Party.

11.     During the course of a deposition taken in this Action, if a request to designate all or portions of the deposition as Protected Material is made, then only Qualified Persons for the requested designation (CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY), the deponent (and the deponent's counsel in the case of a separately represented third party), and the reporter and videographer are allowed to be present during such portion of the deposition where such Protected Material is disclosed.  However, this paragraph shall not be construed to authorize disclosure of any Protected Material to any person to whom disclosure is otherwise prohibited under this Protective Order.

## **EXEMPTED MATERIAL**

12.     None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY has/had been:

   a.   available to the public at the time of its production hereunder;

   b.   available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party or Qualified Recipients;

c. known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein or without use or benefit of the information;

d. obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

e. submitted to any governmental entity without request for confidential treatment.

13. Notwithstanding any other provision hereof, this Protective Order shall not prevent a Receiving Party from disclosing Protected Material designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" to any person who already lawfully has, or had, such Protected Material in his, her, or its possession.

## PERSONS AUTHORIZED TO RECEIVE PROTECTED MATERIAL

14. Unless otherwise ordered by the Court or authorized in writing by the Producing Party, access to Protected Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY shall be limited to the following Qualified Recipients:

a. Outside attorneys of record in this Action. Outside attorneys are those not employed by a party or related entity and include all attorneys employed by firms of record.

b. Support personnel for attorneys and individuals listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, translators and

clerical staff employed by any attorney or individual in sub-paragraph (a) above and assisting in connection with this Action.

c.  Data processing vendors, copy vendors, graphics or design services retained by counsel for purposes of preparing demonstratives or other exhibits for court proceedings in this action.

d.  Testifying and non-testifying experts or consultants not employed by the parties or any related entities within the past five (5) years, and their secretarial and clerical personnel, retained to assist outside attorneys of record in this Action, and who become qualified to receive material designated under this Protective Order in accordance with the procedure identified below in Paragraph 15.

e.  Courts or administrative bodies (including jurors) exercising authority over this Action, as well as personnel of such courts and administrative bodies and all appropriate courts of appellate jurisdiction.

f.  Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Protected Material designated as such under this Protective Order shall remain confidential and shall not be disclosed, except pursuant to the terms of this Protective Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered only to outside attorneys of record.

g.  Persons who authored the Protected Material in whole or in part.

h.  Persons to whom at least one of the following conditions applies:

    i.  the individual is a current employee of the Producing Party;

    ii.  the individual's name appears on the Protected Material as an original recipient of the particular Protected Material sought to be disclosed to that person;

    iii.  the Producing Party has consented on the record of the deposition to the showing of the Protected Material to the individual; or

    iv.  the party wishing to show the individual the Protected Material notifies the Producing Party of that desire, with a specific listing of the Protected Material to be so shown, and the Producing Party consents in writing to such showing.  If, however, such consent in writing is not received, such Protected Material may not be shown to that individual until and unless the party wishing to show the Protected Material to that individual moves for and obtains appropriate relief from the Court upon good cause shown.

Individuals being shown Protected Material under subparagraph (h) (iii) shall not be allowed to retain copies of the Protected Material.  However, a witness who was shown Protected Material during a deposition may review the Protected Material while reviewing his or her transcript, provided that any Protected Material is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

    i.   Jury or trial consulting services and mock jury members that are not presently and have not been employees of a Party.

    j.   other individuals that are mutually agreed upon by the parties.

Protected Material shall not be disclosed to persons described in Paragraph 14, sub-paragraphs (d), (i) and (j), unless and until such person has executed the undertaking in the form attached as Exhibit A.

15.    At least seven (7) calendar days before the disclosure of any Protected Material of the Producing Party is made to an individual described above in Paragraph 14 sub-paragraph (d), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past four (4) years, a list of all professional consulting agreements or professional arrangements that said individual has entered into during the past four (4) years, including any matters on which such individual has offered a report, testified, or consulted on, a list of patents or published patent applications on which the individual is named as an inventor or is an interest holder, the subject matter of any unpublished patent applications on which the individual is named as an inventor or is an interest holder, and a list of past and present business relationships or affiliations with any Party to this action.  The list should disclose the name, address and phone number (if available) of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work.  If disclosure of either the identity of the entity for

which the work is being performed or the subject matter of that work, or both, is deemed

proprietary by the Receiving Party, then the fact that certain information is being

withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and

any such information that is not deemed proprietary shall be disclosed.  Such notice shall

be accompanied by an executed undertaking from the individual to whom the disclosure

is to be made, in the form of Exhibit A attached hereto.  In the event that said individual

enters into any subsequent consulting agreements or arrangements, the Receiving Party

shall promptly notify the Producing Party of such agreements or arrangements.  The

Producing Party shall state any objections to the proposed disclosure of Protected

Material to any individual described in Paragraph 14 sub-paragraph (d), and state the

reasons therefor in writing to the Receiving Party within seven (7) calendar days of

receipt of the Notice.  Failure to object during such period shall be deemed approval and

the individual identified in the Notice shall be considered a Qualified Recipient of

Protected Material under the terms of this Protective Order.  If the parties are unable to

reach agreement after the Receiving Party provides Notice to the Producing Party, the

Party seeking to disclose Protected Material to a person described in Paragraph 14 sub-

paragraph (d) may file a motion seeking an Order granting that person access to Protected

Materials.  Protected material will not be disclosed pending resolution of the motion.

16.     Disclosure of CONFIDENTIAL Discovery Material may be made to three

(3) designated employees of the Receiving Party, but only if the Producing Party agrees

in advance to allow disclosure to such designees, and further so long as each designee has

executed the undertaking set forth in Exhibit A stating that he or she has read and

understands this Protective Order and agrees to be bound by its terms.  Designees under this paragraph will only have access to CONFIDENTIAL Discovery Material.  Designees under this sub-paragraph will not have access to HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY Discovery Material.  The Receiving Party may change designees if both parties agree to the change, or upon leave of Court with good cause shown.

Plaintiff's designees are:

Barbara Finigan;

Kurt Benson; and

Christine Meehan.

Defendants' designees are:

Isabella Ho; and

Jim Hesterberg.

17.     Any Qualified Recipient of Protected Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Qualified Recipient with respect to its own proprietary information.

## CHALLENGES TO CONFIDENTIAL DESIGNATIONS

18.     The parties will use reasonable care when designating any documents, material or other information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.  Nothing in this Protective Order shall prevent

a Receiving Party from contending that any or all documents, material or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the confidential designation with respect to any such document, or the information contained therein.

19.    A Receiving Party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, the Receiving Party may file a motion requesting that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation.

20.    Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one or more of the following occurs: (a) the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

21.     The Receiving Party may also seek to remove the confidential restrictions set forth herein on the ground that Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" does not fall within the definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," respectively, set forth in this Protective Order.  In such event, the Receiving Party shall provide to the Producing Party an objection in writing describing with particularity the Discovery Material in question, particularly stating the basis for the objection to the designation of such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and the designation that the Receiving Party making the objection considers appropriate.  If such objection is based on Paragraph 12, sub-paragraphs (a)-(e), and/or Paragraph 13 of this Protective Order, the Receiving Party making the objection shall provide with the written objection all information and documents which the Receiving Party making the objection contends fall within the definition set forth in the Paragraph(s) and/or sub-paragraph(s) which form the basis for such objection.  Consistently with the Federal Rules of Civil Procedure and the Local Rules of this Court, counsel for the parties shall thereafter confer in good faith to resolve the dispute informally.  Only in the event that counsel for the parties are unable to resolve the dispute after conferring in good faith, either party may thereafter present the dispute to the Court.  When such a dispute is presented to the Court, the Producing Party has the burden of proof to establish that the Discovery Material in question falls within the definition of the designation with which the Discovery Material was originally marked,

as set forth in this Protective Order.  The Discovery Material in question shall be treated as originally designated until the dispute is resolved by the Court or by written agreement between the parties.

## LIMITATIONS ON THE USE OF PROTECTED MATERIAL

22.     All Protected Material shall be held in confidence by each person to whom it is disclosed, shall not be disclosed to any person who is not entitled to receive such information as herein provided, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

23.     All material designated as Protected Material shall be used only for purposes of this litigation as well as any appeal therefrom, and cannot be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal, litigation (except as noted above), arbitration, or governmental purpose, or in connection with the preparation or prosecution of any patent application.  However, nothing in this Protective Order shall prevent any court reporter, videographer, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings.  Nothing in the Protective Order shall preclude a Producing Party from using or disseminating its own Protected Material.  Further, nothing in this Protective Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.

24.     All copies, duplicates, extracts, summaries, or descriptions of material designated as Protected Material under this Order or any portion thereof, shall immediately be affixed with the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (as appropriate) if that word does not already appear thereon.

25.     If a party intends to file with the Court any documents constituting or containing any Protected Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, that party shall take all steps necessary to file such documents under seal.

26.     Nothing in this Protective Order shall prohibit the transmission or communication of Protected Material between or among Qualified Recipients:

    a.  by hand-delivery;

    b.  in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or

    c.  by telephone, telegraph, facsimile, email or other electronic transmission system, where there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.

## **THIRD-PARTY USE OF THIS PROTECTIVE ORDER**

27.     A third party producing Protected Material voluntarily or pursuant to a subpoena or a court order (i) may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit; and (ii) may enforce the provisions of this Protective Order as if a

Party hereto.  Upon being served with a copy of this Protective Order, the producing third-party will have all other rights and obligations under this Protective Order with respect to the third party's Protected Material as are held by Parties to this Action with respect to their Protected Material.

28.     A third party's use of this Protective Order to protect its Protected Material does not entitle that third party access to Protected Material produced by any Party or other third party in this case.

## NO WAIVER OF PRIVILEGE

29.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the Producing Party.  Upon receiving the request from the Producing Party, the Receiving Party shall as soon as practicable return or destroy all copies of such inadvertently produced document(s) and shall make no further use of such document(s).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the assertion of attorney-client privilege, work product immunity, or other applicable privilege or immunity.

## DISCOVERY RULES REMAIN UNCHANGED

30.     Nothing herein shall alter in any way the discovery provisions of the Federal Rules of Civil Procedure, the local rules of the Court, or any deadlines or procedures ordered by the Court for this litigation.

## UNINTENTIONAL FAILURE TO DESIGNATE

31.     A Party's inadvertent or unintentional failure to designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of that Party's claim of confidentiality, if the disclosing Party takes reasonably prompt action after discovering such omission to notify all Parties in writing (writing shall include notification via electronic mail) that such Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

## MISCELLANEOUS PROVISIONS

32.     The following materials will be excluded from discovery in this case: expert witnesses' notes, drafts of reports, and communications with counsel.  Other relevant materials considered or relied upon by any expert witness in forming his or her opinions are not affected by this provision. Experts, including those designated to receive Protected Material, who are not identified pursuant to Fed. R. Civ. P. 26(a)(2) by the party retaining the expert to testify at trial or at a hearing in this Action and who do not offer affidavit or declaration evidence, may not be deposed and are not subject to discovery on their opinions or work for the retaining party except to the extent otherwise permissible under Fed. R. Civ. P. 26(b)(4)(B).

33.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

34.     If at any time Protected Material produced by a Producing Party is subpoenaed from a Receiving Party by any court, arbitral, administrative or legislative body, the Receiving Party shall immediately give written notice thereof to the Producing Party so that it will have an opportunity to seek to prevent the production of Protected Material.  If the Producing Party does not receive a protective order within the earlier of ten (10) business days of the date written notice is given or the date set for production in the subpoena, the Receiving Party may produce, on or after the date set for production in the subpoena such material in response thereto in accordance with any applicable confidential restrictions, including as set forth in any general-purpose protective orders governing disclosures in such other proceeding.

35.     All notices required by this Protective Order are to be made by facsimile and/or U.S. Mail as well as by e-mail to counsel representing the noticed party, unless otherwise agreed to by the Parties.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice by e-mail.

36.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or

exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of Protected Material produced by any other party or non-party except as otherwise provided in this Protective Order.

37.     All persons receiving Protected Materials are enjoined from producing them to any other persons, except in conformance with this Protective Order.  Each individual or entity that receives Protected Material agrees to submit to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

38.     The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

39.     Any of the notice requirements herein may be waived, in whole or in part, solely by a writing signed by an attorney of record for the party against whom such waiver will be effective.

40.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall:

   a.  at its option, either return to the Producing Party or destroy all Protected Material which was received from the Producing Party, including all active electronic files and paper copies thereof, and

b.  certify in writing to the Producing Party that the Receiving Party has taken all reasonable steps to ensure that such Protected Material, including active electronic files, has been returned or destroyed as required above.

Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain electronic copies of all work product, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), responses to written discovery requests, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial, provided, however, that any Protected Material contained in any such documents retained by outside counsel of record shall remain subject to the remaining protections of this Protective Order.

41.  Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, the parties may request the return of any previously sealed or previously restricted documents by a motion to the Court.

42.  This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order.  The Court shall take appropriate measures to protect Protected Material, however designated, at trial and any hearing in this case.

43.  In supplementation of the Court's inherent supervisory authority over enforcement of its orders, the Court will construe the terms of this Protective Order in accordance with the laws of the State of Massachusetts governing contracts without regard to the conflict of laws provisions of that state.

44.     The United States District Court for the District of Massachusetts shall have the authority for the interpretation and enforcement of this Protective Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Massachusetts.

45.     Any headings used in this Protective Order are for reference purposes only and are not to be used to construe or limit the meaning of any provision.

46.     This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

DATED this ___ day of _____, 2010

                                        BY THE COURT:

                                        _____
                                        HON. Michael A. Ponsor
                                        United States Judge

APPROVED AS TO FORM AND CONTENT:

        HOLLAND & KNIGHT LLP

        By:_/s/ Peter J. Kirk_____
                Peter J. Kirk
                One of the Attorneys for Plaintiff Hasbro, Inc.

        LERNER, DAVID, LITTENBERG, KRUMHOLZ, & MENTLIK, LLP

        By:_/s/ Stephen F. Roth_____
                Stephen F. Roth
                One of the Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| HASBRO, INC.,<br>    Plaintiff,<br><br>v.<br><br>LANARD TOYS, INC. and<br>LANARD TOYS LTD.<br><br>    Defendants. | CIVIL ACTION NO. 3:10-cv-30106-MAP |

**EXHIBIT A - UNDERTAKING**

I, _____, state:

1.  I reside at _____;

2.  My present employer is _____;

3.  My present occupation or job description is _____;

4.  I agree to keep confidential all information provided to me in the above-captioned matter, and to be subject to the authority of the United States District Court for the District of Massachusetts in the event of any violation of this agreement or dispute related to this agreement.

5.  I certify that I have read and I am fully familiar with the terms of the Protective Order dated _____, 2010 in the above-captioned litigation and I agree to be bound by its terms.  Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL

– OUTSIDE ATTORNEYS' EYES ONLY Protected Material, as set forth in said

Discovery Confidentiality Order, or the information contained therein, and I will not

divulge any such Protected Material or information to persons other than those

specifically authorized by said Order.

6.      I hereby submit to the jurisdiction of the United States District Court for the

District of Massachusetts for the purpose of ensuring compliance with this Discovery

Confidentiality Order.


I state under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.


_____          _____
Date                                                     (Signature)

                                                         _____
                                                         (Print Name)

                                                         _____
                                                         (Street Address)

                                                         _____
                                                         (City, State, Zip Code)